UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY ANN RIVES, | ) | CASE NO. 1:20CV2549 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF | ) | OPINION AND ORDER |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court on Plaintiff's Objections (Doc. 20) to the Magistrate Judge's Report and Recommendation (Doc. 19), which recommended the Court affirm the Commissioner's decision to deny Plaintiff's claim for disability insurance benefits ("DIB"). For the following reasons, the Court **ADOPTS** the Report and Recommendation and **AFFIRMS** the Commissioner's decision.

## I. BACKGROUND FACTS

The following provides the relevant facts for Plaintiff's Objection, as well as a brief procedural synopsis of Plaintiff's claim. For a complete overview of Plaintiff's

medical history, see the Report and Recommendation (Doc. 19), which refers to the original Complaint and incorporates all documents in relation to Plaintiff's claim.

On March 21, 2018, Plaintiff filed her application for DIB. After initial denial and reconsideration, she sought a hearing before an administrative law judge ("ALJ"). On December 10, 2019, ALJ Keith Kearney held a hearing. On January 31, 2020, ALJ Kearney issued his written decision, finding Plaintiff not disabled. On September 11, 2020, the Appeals Council denied Plaintiff's request for review. Plaintiff then timely filed this lawsuit.

In June of 2019, Andrew Saul was sworn in as the Commissioner of Social Security. Upon his election, President Biden sought Commissioner Saul's resignation. Saul refused, citing 42 U.S.C. § 902(a)(3) as justification for a six-year term that ended in January of 2025. The President then sought guidance from the Office of Legal Counsel, who determined that, considering recent caselaw from the Supreme Court, § 902(a)(3) provided an unconstitutional limit on the President's removal of the Social Security Commissioner. After this opinion, President Biden removed Commissioner Saul from his position and appointed Kilolo Kijakazi as the Acting Commissioner. *See generally*, Office of Legal Counsel, U.S. Dep't of Justice, Constitutionality of the Commissioner of Social Security's Tenure Protection, 2021 WL 2981542 (July 8, 2021).

## II. LAW & ANALYSIS

When reviewing a magistrate judge's report and recommendation, a court makes a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). The objections must be specific to the problematic aspects of the report and recommendation. *Id.*; *see also*, Fed. R. Civ. P. 72(b)(2) & (3); L.R. 72.3(b). A party's

failure to specifically object could result in the loss of appellate rights. *Andres v. Comm'r of Soc. Sec.*, 733 Fed. App'x 241, 244 (6th Cir. Apr. 30, 2018). Overly general objections do not satisfy the specific-objection requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Magistrate Judge recommended that the Court affirm the Commissioner's decision. In doing so, the Magistrate Judge found that, since Plaintiff failed to establish that she suffered a harm traceable to an unlawful action by Commissioner Saul, she failed to establish standing to pursue her constitutional challenge to 42 U.S.C. § 902(a)(3). Plaintiff objected to the Magistrate Judge's analysis, believing that the Magistrate Judge incorrectly relied on certain caselaw over other, more relevant, caselaw. Accordingly, Plaintiff claims she alleged a meritorious constitutional claim that requires remand to a properly authorized ALJ. Plaintiff also stated in conclusory fashion that the Court should remand "to determine if the combination of Plaintiff's severe impairments, and their related limitations, precluded [her] from engaging in substantial gainful activity on a full-time and sustained basis." (Doc. 20, PageID: 1033).

At the outset, the Court notes the limited nature of Plaintiff's Objection. While Plaintiff hastily concludes that the ALJ's rationale was inappropriate, the Court finds this vague objection does not warrant a review of the Magistrate Judge's determination on the merits of Plaintiff's claim. Therefore, the Court adopts the Magistrate Judge's Report and Recommendation as to the merits of Plaintiff's claim and the ALJ's determination.

Plaintiff's only appropriate objection goes to her constitutional challenge of § 902(a)(3).[1] While doing so, she does not critically challenge the Magistrate Judge's standing analysis. Instead, Plaintiff concludes that the Magistrate Judge erred by relying on *Collins v. Yellen*, 141 S. Ct. 1761 (2021) and not *Tafoya v. Kijakazi*, --- F. Supp. 3d ----, 2021 WL 3269640 (D. Colo. July 29, 2021). *Collins* concerned the Federal National Mortgage Association while *Tafoya* concerned the Social Security Administration. Both dealt with unconstitutional removal statutes of executive agencies. But since only *Tafoya* dealt with the exact situation as Plaintiff complains of here, Plaintiff believes that the District Court's determination in *Tafoya* should outweigh the United States Supreme Court's decision in *Collins*.

This attempt at distinction is a non-starter. The Magistrate Judge cited *Collins* for its general principals related to standing – a constitutional requirement – and applied it to the Social Security Administration. While it is true *Tafoya* holds that claimants have standing to challenge the constitutionality of § 902(a)(3), Plaintiff overlooks the other cases that the Magistrate Judge cites holding that claimants lack standing *in the social security context*. (*See* Doc. 19, PageID: 1004, collecting cases). Rather, Plaintiff should have contested the Magistrate Judge's traceability analysis instead of the misguided attempt to distinguish *Collins* on its subject matter. The Court agrees with the Magistrate Judge's well-reasoned analysis and determines that Plaintiff does not have standing to pursue her constitutional challenge.

Even if Plaintiff did have standing to pursue her constitutional claim, she does not demonstrate that she is entitled to the relief she seeks, which is a remand to a new

---

[1] Relying on the Office of Legal Counsel's Memorandum to President Biden, Defendant agrees that § 902(a)(3) unconstitutionally limits the President's removal power. (*See* Doc. 16, PageID: 931-32).

ALJ for rehearing. The principal case Plaintiff relies on – *Tafoya* – is limited to a standing analysis. While Plaintiff claims that "Mr. Saul had no constitutionally valid authority to delegate to these ALJ or Appeals Council Judges," (Doc. 20, PageID: 1032), she conflates two constitutional problems – one of appointment (which is not at issue here) and one of removal (which is the issue).

*Collins* – a case that provides a thorough constitutional analysis – tells us that the difference is important. *Collins*, 141 S. Ct. at 1787 (since "there was no constitutional defect in the statutorily prescribed method of appointment to that office…there is no reason to regard any of the actions taken by the [agency] in relation to [the policy] as void"). Justice Thomas in concurrence echoed this point: "The mere existence of an unconstitutional removal provision…generally does not automatically taint Government action by an official unlawfully insulated." *Id.*, at 1793 (Thomas, J., concurring). Finally, and most prophetically, Justice Kagan set forward the following hypothetical based on the majority's holding in *Collins*:

> Consider the hundreds of thousands of decisions that the Social Security Administration (SSA) makes each year. The SSA has a single head with for-cause removal protection; so, a betting person might wager that the agency's removal provision is next on the chopping block. But given the majority's remedial analysis, I doubt the mass of SSA decisions – which would not concern the President at all – would need to be undone. That makes sense. Presidential control does not show itself in all, or even all important, regulation. When an agency decision would not capture a President's attention, his removal authority could not make a difference – and so no injunction should issue.

*Id.* at 1802 (Kagan, J., concurring in part) (internal citations and quotations omitted).

As such, even if Plaintiff had standing to pursue her constitutional claim, her constitutional challenge would likely fail on the merits.

- 6 -

### III. CONCLUSION

Based on the foregoing, the Court finds that the Plaintiff's Objections are meritless. Therefore, the Magistrate Judge's Report and Recommendation (Doc. 19) is **ADOPTED** and the Commissioner's denial of Plaintiff's claim is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                  s/ Christopher A. Boyko
                                                 **CHRISTOPHER A. BOYKO**
                                                 **Senior United States District Judge**

**Dated: March 8, 2022**